(20 Misc. Rep. 639.)

KELLY et al. v. SMITH.

(City Court of New York, General Term. June 30, 1897.)

STATUTE OF FRAUDS—CONTRACT.
    Plaintiff had a contract with one B. to furnish the latter certain iron. B. became involved, and, plaintiff fearing to deliver the iron to him, defendant agreed to take B.'s place, and made a contract with plaintiff to purchase and pay for the iron, which was accordingly delivered to him. *Held*, that defendant's contract was not to answer for the debt of another, and the statute of frauds had no application.

Appeal from trial term.
Action by James R. F. Kelly and another against Isaac L. Smith. From a judgment entered on a verdict in favor of plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before CONLAN, SCHUCHMAN, and O'DWYER, JJ.

A. C. Francioli, for appellant.
Hector M. Hitchings, for respondents.

O'DWYER, J. This action is brought to recover a balance for material delivered. The complaint alleges that on or about the 16th day of August, 1895, these plaintiffs contracted with one Frank Bretell to furnish iron beams and lintels for four houses in West 148th street, commencing 325 feet west of 7th avenue, then being erected by him in connection with the defendant in this action, for the sum of $690; that after the making of said contract, and before the delivery of any of the materials specified therein, liens were filed against said houses, and the said Bretell became involved; that thereupon these plaintiffs saw the defendant, and objected to furnishing the goods in accordance with the contract, and a contract was then and there entered into be-

tween these plaintiffs and the defendant wherein and whereby plaintiffs agreed to furnish to the defendant the goods and materials previously agreed to be furnished to Bretell, for the same price, to wit, the sum of $690, and subsequently agreed to furnish and deliver eight 6-inch eye beams, 40 pounds, 4 feet long, at $2\frac{1}{2}$ cents per pound, making a total of $10.40,—the whole contract coming to $700.40. The answer is a general denial. On the trial the plaintiff Kelly testified as follows:

"We had an order for a bill of iron for some houses in One Hundred and Forty-Eighth street, New York. The original conversation with Mr. Smith was by my partner, Mr. Triest. My conversation with Mr. Smith was in relation to this bill of iron which had been previously sold to Mr. Bretell; and I went to Mr. Smith, and I told him I was fearful of sending the goods to Mr. Bretell, and that we should prefer to send that iron to him. Mr. Isaac L. Smith was the party I saw, and he said that was all right,—to count Mr. Bretell out, and that he would make the purchase of that bill of iron; and Mr. Smith repeated that. I said that was all right. We sent the bill of iron to this building in One Hundred and Forty-Eighth street, between Seventh and Eighth avenues. The amount was about six hundred and ninety dollars. We subsequently received moneys on account of that purchase. We received the sum of five hundred dollars. There was some plates subsequently furnished after the first delivery, and the balance remaining, I think, was about two hundred and twenty dollars. The bill shows a balance of two hundred and $^{40}/_{100}$ dollars. That is correct."

The defendant denied having any such conversation with the plaintiff Kelly, and upon this conflict in the evidence the learned trial judge charged the jury that, if the contract was made as testified to by the plaintiff Kelly, then the plaintiff was entitled to a verdict; otherwise not. The only exceptions in the case arise on a motion for a dismissal of the complaint when the plaintiffs rested, and for a direction of a verdict in the defendant's favor when the case was closed; also, that a deed from the defendant and his wife to one Bretell was offered in evidence by the defendant to show that the defendant in this case is not the owner of the property, and has no interest in the whole affair.

It is urged by the appellant upon this appeal that it was incumbent on the respondents to prove a written contract, valid in law, without the defendant pleading the statute of frauds, and that the plaintiffs failed to make out a case, inasmuch as the contract sued upon is within the statute of frauds. That statute, it appears to us, has no application to the case under consideration. The contract relied upon was not the payment of a debt of another, but a new contract entered into between the plaintiffs and defendant, the consideration of which was the delivery of the iron. This being so, it was immaterial whether the defendant had an interest in the property, and, upon the conflict in the evidence as to the making of this contract, it was proper for the court to submit the same to the jury for its determination, and to deny the motion of the defendant to direct a verdict in his favor. On the argument of this appeal it was stipulated that the case contains all the evidence, and, after a thorough examination of the record, we are satisfied that the verdict was not contrary to the evidence, or against the weight of evidence.

The judgment and order appealed from should be affirmed, with costs. All concur.